IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-CR-30200-MJR |
| | ) |
| DeANGELO SANDERS, | ) |
| | ) |
| Defendant. | ) |

### ORDER REGARDING TRANSCRIPT OF GOVERNMENT's EXHIBIT 3

REAGAN, District Judge:

After carefully reviewing the parties' written briefs and receiving exhibits, testimony, and argument at an evidentiary hearing (including the direct and cross examination of Defendant Sanders), the Court denied Sanders' suppression motion.

One piece of evidence reviewed by the undersigned Judge at the hearing was a portion of Government's Exhibit 3. Exhibit 3 is a DVD recording of a December 6, 2005 interview of Defendant Sanders by Special Agent Matthews (BATF), conducted at the Alton Police Department.

The Court viewed only the first several minutes of Exhibit 3, the part which depicted the administration of Miranda warnings to Sanders. The court reporter could not hear or see – and was not asked to transcribe – this brief DVD clip. At the conclusion of the hearing, mindful of the need to maintain a complete record of the proceedings, the Court directed Government counsel to file a transcript of the portion of the DVD viewed by the Court during the August 16th hearing.

The Government did so on August 17, 2006.  Defense counsel responded on August 21st.  Because the parties' transcriptions differed slightly, the Court ordered the Government to reply (which it did on August 23rd) and to produce Exhibit 3, which had been withdrawn at the close of the hearing, so the Court could view/listen to the DVD again and independently determine which transcription was most accurate.

Having done so, and for purposes of making a complete record herein, the Court **FINDS** as follows. The parties agree on the majority of the transcript.  *See* Docs. 74, 76, 78.  There are four points of contention, which the Court now resolves.

As to point 1, the Court finds that the DVD contains the following:

S/A Matthews:   Alright, so we're gonna start all over, okay DeAngelo? Alright.  It's, uh, approximately 6:04 p.m.

As to point 2, the DVD contains the following:

S/A Matthews:   Alright, I'm gonna go over this form or read it out loud to you.  Do you recognize this form?

As to point 3, the DVD contains the following:

S/A Matthews:   If you do not talk to me, I must warn you that whatever you say can and will be used as evidence against you in a court of, in a criminal prosecution.

As to point 4, the DVD contains the following:

S/A Matthews:   Alright.  If you want a lawyer but are unable to pay for one, a lawyer will be appointed to represent you, or we will see that you are provided a lawyer free of any cost to you.

Referring to point 3, as to any possible significance regarding Matthews' oral

use of the word "not" (rather than "now") the Court notes that (a) Sanders testified regarding his familiarity with each of the Miranda warnings, (b) Sanders initialed next to each warning on the written form, and (c) Sanders clearly understood that if he talked to the officers, his words could and would be used against him.

The Court already has ruled on the suppression motion.  The case remains set for trial on October 10th.  One motion remains under advisement – Sanders' motion to exclude evidence/argument regarding prior convictions and arrests (Doc. 37).

IT IS SO ORDERED.

DATED this 29th day of August 2006.

s/ Michael J. Reagan
Michael J. Reagan
United States District Court
