IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:05-CR-30200-NJR |
| DEANGELO SANDERS, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the renewed Motion for Compassionate Release under the First Step Act filed *pro se* by Defendant DeAngelo Sanders (Doc. 150). Sanders asks the Court to reduce his sentence to time-served, pursuant to 18 U.S.C. § 3582(c)(1)(A), due to the COVID-19 pandemic, his health conditions, and his term of imprisonment. For the reasons set forth below, the Court denies the motion.

## BACKGROUND

On May 28, 2020, Defendant DeAngelo Sanders filed his first *pro se* motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 143). Soon after, the motion was denied without prejudice by this Court pending his exhaustion of administrative remedies (Doc. 146). In exhausting his administrative remedies, Sanders petitioned the Warden arguing that his medical conditions and his sentence warranted an extraordinary or compelling circumstance. The Warden disagreed, in part due to Sanders's high recidivism score and previous displays of anger and hostility (Doc. 152-3). Sanders appealed the Warden's denial and waited at least 30 days before renewing his

motion before this Court.

Sanders, who is now 46 years old, is currently housed at FCI Jesup.[1] In October 2016, a jury found Sanders guilty of one count of unlawful possession of a sawed-off shotgun and one count of being a felon in possession of a firearm (Docs. 10, 104, and 105). Before sentencing, the United States Probation Office determined Sanders to be an armed career offender with a total offense level of 34 (Doc. 125). Additionally, Sanders's criminal history score was 21, which is 8 points over the threshold for the highest criminal history score category. *Id*. Ultimately, Sanders was sentenced by now-retired District Judge Michael J. Reagan to 295 months' imprisonment—midway between his applicable guideline range of 262 to 327 months (Doc. 124).[2]

Sanders now argues that the COVID-19 pandemic along with his medical conditions and the length of his original sentence constitute extraordinary and compelling reasons to release him per the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) (Doc. 150). Sanders has been diagnosed with epilepsy, high blood pressure, high cholesterol, a Vitamin D deficiency, and has an allergic reaction to steroid-based medication. (Doc. 152-2). Much of his motion argues that his original sentencing was "illegal," establishing an extraordinary and compelling reason that merits a time-served sentence reduction. (Doc. 152).

In response, the Government argues that Sanders does not have extraordinary and compelling reasons to warrant the reduction for three reasons (Doc. 152). First, the

---

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc (last visited Jan. 31, 2021).
[2] The Seventh Circuit Court of Appeals affirmed Sanders's conviction and sentence on April 16, 2008 (Doc. 140).

Government notes that the Bureau of Prisons ("BOP") facility has been, and is more than able to continue, providing adequate care to Sanders for all of his medical conditions (*Id.*). Second, the Government argues that Sanders's sentence was well within the sentencing guidelines, given his violations and criminal history (*Id.*). Lastly, the Government contends that Sanders continues to pose a significant danger to the community and the request should be denied on this point alone.

## THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. The parties do not dispute that Sanders exhausted his administrative remedies before moving for compassionate release.

Once a motion is filed, the Court may reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy

statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

Several courts have confronted the issue of whether—in light of the First Step Act and its grant of authority to defendants to file their own compassionate release motion—the "catch-all" provision of Subsection D is still limited only to the BOP Director's determination of whether other extraordinary and compelling circumstances exist or whether a court may make that determination. Joining the majority of district courts and the Second Circuit, the Seventh Circuit Court of Appeals recently held that district courts may determine whether other "extraordinary and compelling circumstances" warrant relief. *United States v. Gunn*, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). "In short, federal judges are no longer constrained by the BOP Director's determination of what constitutes

extraordinary and compelling reasons for a sentence reduction." *United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020).

### DISCUSSION

Under Application Note 1(A)(ii), extraordinary and compelling reasons for reducing a sentence exist when the defendant is presently suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. Here, however, there are no extraordinary and compelling circumstances that warrant granting Sanders's motion for compassionate release.

As to his medical conditions, Sanders believes they make him more vulnerable to contracting COVID-19. Though Sanders did not explain how, the Court will address them in turn. First, epilepsy is not known to increase the risk of contracting or the severity of COVID-19, as it is a disorder that leads to seizures, not one that causes an immune deficiency.[3] Nor is epilepsy considered by the CDC to put an individual at an increased risk of a severe COVID-19 illness.[4] That said, Sanders is now taking medication to successfully subdue the effects of epilepsy, and he does not claim otherwise (Doc. 150). Similarly, the BOP provides adequate treatment for his high blood pressure, Vitamin-D deficiency, and high cholesterol (Doc. 152-2). And of these conditions, only high blood

---

[3] Epilepsy Foundation, *Covid-19 and Epilepsy*, https://www.epilepsy.com/learn/covid-19-and-epilepsy (last visited Jan. 27, 2021).
[4] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 29, 2021).

pressure, or hypertension, "might" place Sanders at increased risk of severe illness.[5] The Court admits that Sanders's allergies to certain medications could prove troublesome upon contracting COVID-19 if they were unknown. But his allergies are well documented, and the BOP is aware of them (Doc. 150). The Court finds nothing in the record to indicate that Sanders is more vulnerable to the pandemic while serving his sentence at FCI Jesup than he would be in the outside world.

Moreover, to grant his motion for compassionate release, the Court must separately consider the § 3553(a) factors and determine that Sanders is not "a danger to the safety of any other person or to the community." The Court appreciates the efforts that Sanders has put into his education while serving his sentence. That said, the Court also must weigh that against Sanders's substantial criminal history, including, but not limited to, a forgery conviction, two theft convictions, two burglary convictions, two aggravated battery convictions, three domestic battery convictions, two disorderly conduct violations, two violations of an order, a damage to property conviction, a criminal trespass conviction, and obstruction of justice conviction (PSR, ¶¶ 34-57). Accordingly, the BOP has rated Sanders as having a high risk of recidivism (Doc. 152-3). So while the Court respects and applauds Sanders's considerable efforts to better himself, those accomplishments do not outweigh the risks Sanders poses to grant compassionate release under 18 U.S.C. § 3582.

Lastly, a significant portion of Sanders's argument for compassionate release is that his original sentence was "illegal" and "plain error." (Doc. 152). Sanders asserts,

---

[5] *Id.*

without pertinent authority, that the sentencing judge misapplied the sentencing guidelines and that he was punished for going to trial. *Id.* The Court strongly disagrees. The sentencing judge is best fit to consider the relevant factors in sentencing an individual. *United States v. Warner*, 792 F.3d 847, 856 (7th Cir. 2015). And as the Government notes, Sanders's sentence fell comfortably within the guidelines appropriate for his convictions as laid out by the U.S. Sentencing Commission. (Doc. 152). For these reasons, this Court will not further address this issue. *See United States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived.").

Because Sanders's criminal history cuts significantly against his release and he has cited no reasons that meet the high bar for compassionate release pursuant to 18 U.S.C. § 3582, this Court finds that Sanders's accomplishments and treatable medical conditions are not enough to warrant compassionate release under 18 U.S.C. § 3582.

## Conclusion

For these reasons, the *pro se* Motion for Compassionate Release filed by Defendant DeAngelo Sanders (Doc. 150) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 1, 2021

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**