IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEANGELO SANDERS,<br><br>    Defendant. | Case No. 3:05-CR-30200-NJR-1 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This is the third attempt by Defendant DeAngelo Sanders to convince the Court he is entitled to compassionate release. His first motion was denied without prejudice for failure to exhaust administrative remedies. (Docs. 143, 148). In his second motion, Sanders argued the COVID-19 pandemic along with his medical conditions and the length of his original sentence—295 months—constituted extraordinary and compelling reasons to release him under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). (Doc. 150). The Court found that none of Sanders's health conditions left him particularly vulnerable to the coronavirus such that his health constituted an extraordinary and compelling circumstance warranting relief. (Doc. 153). Moreover, when considering the 18 U.S.C. § 3553(a) factors, the Court noted that Sanders's significant criminal history and his high risk of recidivism (as determined by the Bureau of Prisons) weighed in favor of finding that Sanders was "a danger to the safety of any other person or to the community." (*Id.*) Lastly, the Court rejected Sanders's

underdeveloped argument that his sentence was illegal because the sentencing judge misapplied the U.S. Sentencing Guidelines. (*Id.*).

The present motion refines Sanders's argument that extraordinary and compelling circumstances exist because his sentence would be lower if he were sentenced today for the same offense. (Doc. 154). Sanders asserts he was sentenced as an armed career criminal based on a 1992 conviction in Illinois for residential burglary. (*Id.*). He argues that because residential burglary under Illinois law no longer qualifies as a predicate offense for enhancing a sentence under the Armed Career Criminal Act (ACCA), if sentenced today he would not be subject to a 15-year mandatory minimum and, in turn, would receive a much lower sentence. (*Id.*). Thus, Sanders asserts that he is entitled to compassionate release.

"A motion for compassionate release sets forth a two-step inquiry: (1) whether the defendant presents an extraordinary and compelling reason for release, and (2) whether release is warranted under § 3553(a)." *United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022). But changes in sentencing law "are not extraordinary and compelling reasons for compassionate release." *United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) (*citing United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)); *see also United States v. King*, No. 13 CR 50063-1, 2021 WL 4439302, at *3 (N.D. Ill. Sept. 28, 2021) (declining to find that a change to sentencing laws that might affect one's status as an armed career criminal constitutes extraordinary circumstances). "Nor is a motion for compassionate release the proper way to remedy a potential error in the original sentence." *Id.* Rather, sentencing errors must be challenged

collaterally through a motion under 28 U.S.C. § 2255. *Id; Whited*, 2022 WL 1259028, at *2.

Thus, the Court declines to find that extraordinary and compelling circumstances exist in this case. The proper method of challenging a sentencing error is through a motion under 28 U.S.C. § 2255. And, even if such circumstances existed here, the Court would still deny the motion based on the § 3553(a) factors as discussed in the Court's prior order denying compassionate release. (Doc. 153).

For these reasons, the Renewed Motion for Compassionate Release filed by Defendant DeAngelo Sanders (Doc. 154) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   June 28, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**