IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>DEANGELO SANDERS,<br><br>      Defendant. | Case No. 3:05-CR-30200-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is Defendant DeAngelo Sanders's fourth motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 156). Sanders relies on the amendment to Section 1B1.13(b)(6) of the U.S. Sentencing Guidelines concerning "unusually long sentences" to argue that he is entitled to a sentence reduction. (*Id.*). Specifically, Sanders again asserts he was sentenced as an armed career criminal based on a 1992 conviction in Illinois for residential burglary, which no longer qualifies as a predicate offense for enhancing a sentence under the Armed Career Criminal Act (ACCA). Thus, if sentenced today he would not be subject to a 15-year mandatory minimum and, in turn, would receive a much lower sentence. (*Id.*). As a result, Sanders contends, he is serving an "unusually long sentence" and is entitled to compassionate release. (*Id.*).

The Government opposes the motion for three reasons. (Doc. 159). First, a non-retroactive change in sentencing law cannot constitute an extraordinary and compelling

Page 1 of 7

reason for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Second, any argument that attacks the validity of Sanders's sentence must be brought as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Finally, the Government argues, the 18 U.S.C. § 3553(a) factors weigh heavily in favor of continued detention.

## BACKGROUND

In October 2006, a jury found Sanders guilty of one count of unlawful possession of a sawed-off shotgun and one count of possessing a firearm as a felon. (Docs. 104 and 105). With a base offense level of 26 and a two-level increase because the shotgun was stolen, Sanders was looking at a total offense level of 28. (Doc. 125). But because Sanders had committed three prior violent felonies—residential burglary and two counts of aggravated battery—the Court found he was subject to an enhanced sentence under 18 U.S.C. § 924(e) and was deemed an armed career criminal pursuant to U.S.S.G. § 4B1.4. Sanders's offense level was thus increased to 34 pursuant to U.S.S.G. § 4B1.4(b)(3)(A). With a criminal history score of 21, Sanders's guideline range was 262 to 327 months. Sanders was sentenced to 295 months' imprisonment. (Doc. 127).

On June 16, 2020, Sanders filed his first motion for compassionate release, which was denied without prejudice for failure to exhaust administrative remedies. (Docs. 143, 148). In his second motion, Sanders argued the COVID-19 pandemic along with his medical conditions and the length of his original sentence—295 months—constituted extraordinary and compelling reasons to release him under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). (Doc. 150). The Court found that none of Sanders's health conditions left him particularly vulnerable to the virus such that his health

constituted an extraordinary and compelling circumstance warranting relief. (Doc. 153). Moreover, when considering the 18 U.S.C. § 3553(a) factors, the Court noted that Sanders's significant criminal history and his high risk of recidivism (as determined by the Bureau of Prisons) weighed in favor of finding that Sanders was a danger to the safety of any other person or to the community. (*Id.*) Lastly, the Court rejected Sanders's underdeveloped argument that his sentence was illegal because the sentencing judge misapplied the U.S. Sentencing Guidelines. (*Id.*).

In his third motion, Sanders argued that extraordinary and compelling circumstances existed for his release because his sentence would be lower if he were sentenced today for the same offense. (Doc. 154). On June 28, 2022, the Court denied Sanders's motion, observing that, under Seventh Circuit precedent, changes in sentencing law are not extraordinary and compelling reasons for compassionate release. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). The Court also found that a motion for compassionate release is not the proper vehicle to remedy a potential error in the original sentenced; rather, sentencing errors must be challenged collaterally through a motion under 28 U.S.C. § 2255.[1] Finally, the Court again noted that even if Sanders were entitled to relief, it would still deny his motion based on the § 3553(a) factors as discussed in the Court's prior order.

---

[1] The Court notes that Sanders has tried numerous times to bring his claims via § 2255. His original motion was denied, and his three applications for permission to file a successive § 2255 motion were also denied by the Seventh Circuit. Then, while the Seventh Circuit was considering whether Sanders could seek relief via § 2241's savings clause, the U.S. Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465 (2023), holding that a prisoner cannot use § 2241's savings clause to challenge a sentence based on an intervening change in statutory interpretation. Thus, the Seventh Circuit found that Sanders was foreclosed from bringing his claim that he no longer qualified for an enhanced sentenced under the ACCA in a § 2241 habeas petition. *Sanders v. M. Joseph*, 72 F.4th 822, 825 (7th Cir. 2023).

**DISCUSSION**

Generally, a court cannot modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). Compassionate release represents a narrow exception to this rule. *United States v. Glover*, No. 04 CR 940, 2024 WL 4753811, at *1 (N.D. Ill. Nov. 12, 2024). Under 18 U.S.C. § 3582(c)(1)(A), a court "may grant a motion for a reduced sentence if (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission,' and (3) the reduction is appropriate in light of the [18 U.S.C. § 3553(a)] sentencing factors." *United States v. Black*, 715 F. Supp. 3d 1069, 1073 (N.D. Ill. 2024) (quoting *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023)).

Effective November 1, 2023, the Sentencing Commission promulgated a new policy statement applicable to compassionate release motions filed directly by prisoners. The Sentencing Commission's 2023 policy statement on compassionate release states in relevant part:

> (b) Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
> * * * *
> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (2023).

Here, Sanders argues that received an unusually long sentence of 295 months, he has served more than 10 years of his sentence, and, due to a change in the law, his sentence would be much lower if he were sentenced today. Specifically, Sanders asserts that he was sentenced as an armed career criminal to a 15-year mandatory minimum under the ACCA because he had three prior, qualifying felonies—including one for residential burglary. In *United States v. Glispie*, however, the Seventh Circuit held that a conviction for Illinois residential burglary cannot be used to enhance a sentence under the ACCA. *United States v. Glispie*, 978 F.3d 502, 503 (7th Cir. 2020). Sanders therefore argues he would no longer qualify for a sentence enhancement under the ACCA and his sentence would be significantly lower if he were sentenced today.

In response, the Government argues that *Thacker* still serves to prohibit a court from reducing a sentence based on a non-retroactive change in sentencing law, and it equally precludes the court from considering the amended § 1B1.13(b)(6) when determining whether Sanders is entitled to compassionate release. (Doc. 159). More importantly, the Government asserts, Sanders is not serving an "unusually long sentence" given that his 295-month sentence fell within the middle of the advisory guideline range. Finally, the Government argues that the § 3553(a) factors instead weigh heavily in favor of continued detention.

This Court acknowledges that it is unsettled whether the Sentencing Commission's interpretation or the Seventh Circuit's interpretation of "extraordinary and compelling" controls. *See United States v. Black*, 715 F. Supp. 3d 1069, 1075 (N.D. Ill. 2024). In *Black*, the district court analyzed § 1B1.13(b)(6) using the two-step framework of

*Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), and concluded that the Commission's interpretation of § 3582(c)(1)(A) was not reasonable. The *Black* court noted the Seventh Circuit's "emphatic repetition that nonretroactivity of sentencing amendments is ordinary, not extraordinary" in *Thacker* and its progeny. *Id.* at 1080. The court then concluded that the Seventh Circuit would most likely hold that § 1B1.13(b)(6) "is an impermissible reading of the statutory text and context" to the extent that it would treat nonretroactive amendments as extraordinary and compelling reasons to reduce a defendant's sentence. *Id.; but see United States v. Spradley*, 2024 WL 1702873, at *6–8 (S.D. Ind. Apr. 18, 2024). Even after *Chevron* was overruled by the U.S. Supreme Court, the view that *Thacker* remains binding has prevailed. *See United States v. Uriarte*, No. 09-CR-332-4, 2024 WL 4111867, at **4-6 (N.D. Ill. Sept. 6, 2024) (courts in the Seventh Circuit remain bound by "[f]undamental principles of vertical *stare decisis*" to follow *Thacker*, "whether or not they agree").

This Court takes no position on whether the Sentencing Commission was acting within the bounds of its authority when it promulgated amended § 1B1.13(b)(6), because Sanders's motion can be decided on another basis: the § 3553(a) sentencing factors. As discussed in the Court's prior orders denying compassionate release, Sanders has a very substantial criminal history, including a forgery conviction, two theft convictions, two burglary convictions, two aggravated battery convictions, three domestic battery convictions, two disorderly conduct violations, two violations of an order protection, a damage to property conviction, a criminal trespass conviction, and an obstruction of justice conviction. The length of Sanders's sentence continues to protect the public from

his further crimes and provides just punishment for his offenses. As it has in the past, the Court simply cannot find that the § 3553(a) sentencing factors weigh in favor of a sentence reduction, and that alone is sufficient to deny his motion. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022) ("just one good reason for denying a compassionate-release motion suffices").

For these reasons, the Fourth Motion for Compassionate Release filed by Defendant DeAngelo Sanders (Doc. 156) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  November 25, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**